Case 4:13-cv-00023-A Document 6 Filed 01/15/13 Page 1 of 4 PageID 1493

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 15 2013
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GLENN WINNINGHAM; HOUSE OF FEARN, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:13-CV-023-A |
| C. PAGE, I.D. NO. 3877, ET AL., | § § | |
| Defendants. | § | |

ORDER

The above-captioned action is before the court by reason of a notice of removal filed January 11, 2013, by defendant Sarah J. Fullenwider ("Fullenwider").[1] The notice of removal asserts that the court has subject matter jurisdiction based on federal question jurisdiction. After having reviewed the notice of removal and the state court papers attached thereto, the court has concluded that the case should be remanded to the court from which it was removed.

A.  General Principles Governing Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal

---

[1] Other defendants named in the state court petition are: C. Page, I.D. No. 3877; Jeffrey Halstead, Fort Worth Chief of Police; Nina L. Mares, Chief Judge, Fort Worth Municipal Court; James D. Rogers, Deputy Chief Judge, Fort Worth Municipal Court; Joe Shannon, Jr., Tarrant County Criminal District Attorney; Chris Ponder, Assistant Criminal District Attorney; Thomas A. Wilder, Tarrant County Clerk; Tom Lowe, Judge, 236th District Court; Terri Livingston, Chief Judge, Second Court of Appeals; Debra Spisak, Clerk, Second Court of Appeals; Barry L. Bobbitt, Attorney; William Rumly, Clerk, Fort Worth Municipal Court; and Andrew Hawkins, Attorney. The notice of removal states that none of the defendants have been served with process.

court any state court action of which the federal district courts would have original jurisdiction. The removing party bears the burden of establishing that federal subject matter jurisdiction exists. <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995) (citations omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

The existence of federal question jurisdiction is determined by applying the "well-pleaded" complaint rule. <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983). Under the rule, the existence of jurisdiction is determined solely from what appears on the face of plaintiff's complaint. <u>Id</u>. at 10.

B.   <u>Inadequacies in the Removing Parties' Jurisdictional Showing</u>

The notice of removal alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the basis for this court's jurisdiction. Specifically, the notice of removal directs the

court to page 13, paragraph 44 of plaintiff's state court petition, where he purportedly asserts a violation of his constitutional rights under the First Amendment to the United States Constitution.

The court has reviewed paragraph 44 on page 13 of the state court petition. While it is correct that the words "Article One in Amendment for the Constitution for the United States of America" are found in the aforementioned paragraph, they cannot be construed to state a claim in this action for violation of plaintiff's First Amendment rights. Further, even a liberal reading of plaintiff's petition fails to yield any factual allegations that could plausibly state a claim against any of the defendants that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2]

For the reasons given above, Fullenwider has not carried her burden of establishing that federal subject matter jurisdiction exists in this case.

Therefore,

The court ORDERS that the above-captioned action be, and is

---

[2] The notice of removal does not contend that diversity jurisdiction is present pursuant to 28 U.S.C. § 1332, nor does it appear that such would be the case, inasmuch as all parties appear to be citizens of the State of Texas.

hereby, remanded to the state court from which it was removed.

SIGNED January 15, 2013.

_____
JOHN MCBRYDE
United States District Judge

4